**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**FORREST THOMAS, III**                                                    **PETITIONER**

**V.**                                                    **NO. 3:18-CV-238-DMB-DAS**

**WARDEN TAYLOR, et al.**                                                    **RESPONDENTS**


**ORDER**

On or about January 15, 2019, Forrest Thomas, III, citing an earlier decision of the undersigned denying him habeas relief,[1] filed a motion asking the undersigned to recuse from this case "to avoid the appearance of bias arising from" the prior decision. *See* Doc. #9 at 4. Thomas argues the present case "raises a similar issue" to his earlier petition which this Court denied, and that the undersigned's assignment to his case raises an appearance of bias so as to justify recusal. *Id*. at 3–4.

28 U.S.C. § 455(a) provides that "[a]ny … judge … of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Decisions whether to recuse are left to the discretion of the judge. *Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012). Of relevance here, "[a]dverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

Thomas has pointed to nothing in the undersigned's prior opinion which would suggest bias from an extrajudicial source or any antagonism toward him. Accordingly, his motion for recusal [9] is **DENIED**.

---

[1] *See Thomas v. Outlaw*, No. 4:14-cv-60, 2014 WL 3699922 (N.D. Miss. July 24, 2014).

**SO ORDERED**, this 23rd day of September, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**