## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**FORREST THOMAS, III**                                             **PETITIONER**

**v.**                                                       **No. 3:18CV238-DMB-DAS**

**WARDEN TAYLOR, ET AL.**                                        **RESPONDENTS**

### REPORT AND RECOMMENDATION

  This matter comes before the court on the petition by Forrest Thomas, III for a writ of *habeas corpus* under 28 U.S.C. § 2254.   The State has responded to the petition; the petitioner has filed a Traverse, and the parties have submitted additional briefing.   The matter is ripe for resolution.   For the reasons set forth below, the undersigned recommends that the instant petition for a writ of *habeas corpus* be denied.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

  The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient.   Duker, The English Origins of the Writ of Habeas Corpus:   A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934).   It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States.   Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it.   *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789.   *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Facts and Procedural Posture

Forrest Thomas, III, ( "Thomas" or "Petitioner") is in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Carroll/Montgomery County Regional Correctional Facility in Vaiden, Mississippi. On May 18, 2007, he pled guilty to manslaughter[1] and kidnapping in the Circuit Court of Washington County, Mississippi, Cause No. 2007-0199. *See* State Court Record ("SCR"), Cause No. 2010-CA-01730-COA, Vol. 1 at 40 and Cause No. 2017-CP-00152-SCT, Vol. 1 at 91; *see also* Exhibit A.[2] [3] The trial court sentenced Thomas to serve twenty (20) years for manslaughter and fifteen (15) years for kidnapping, running consecutively, for a total of

---

[1] Thomas was indicted for murder in Washington County Circuit Court Cause No. 2005-0322 but entered his guilty plea to the lesser and included crime of manslaughter.

[2] References to the state court record from Thomas's appellate filings are designated as "SCR" with the appropriate case number, volume, and page number.

[3] The exhibits referenced in this Report and Recommendation may be found attached to the State's Response.

thirty-five (35) years in the custody of the MDOC. *Id.*

In February 2015, Thomas filed a grievance through MDOC's Administrative Remedy Program ("ARP") related to the calculation of his sentences.[4]  *See* SCR, Cause No. 2017-CP-00152-SCT, Vol. 2 at 117.   MDOC responded to Thomas' complaint in March 2015, advising him that his meritorious earned time and trusty status were removed from his timesheet, as he is serving a day-for-day sentence on his kidnapping conviction.   *Id.*   He then proceeded to step two of the ARP process, to which MDOC responded in June 2015, stating that "[k]idnapping under [Section] 97-3-53 is coded as kidnapping of a minor under the age of [sixteen] is a mandatory crime.   You will have to serve the entire [fifteen] years day for day, without any type of good time.   Upon completion of the [fifteen] years you may qualify for trusty earned time on the [twenty] years manslaughter charge."   *Id.* Thomas then sought review in the Marshall County Circuit Court, and when MDOC did not respond, he filed a motion to compel, which the circuit court granted.   *Id.* at 96.   The trial court then directed MDOC to "respond to [Thomas'] claims of whether 42 U.S.C. § 14071, which was in effect at the time of [Thomas'] crime and sentencing, can be applied to exempt [Thomas] from the State of Mississippi's sex offender registration requirements."   *Id.*   MDOC responded by filing its motion to dismiss, and, on January 17, 2017, the circuit court entered an order affirming the MDOC's decision to deny relief on the grievance.   *See* SCR, Cause No. 2017-CP-00152-SCT, Vol. 3 at 107.

---

[4]  Before filing motions for post-conviction relief ("PCR motion") related to his grievance decisions, as discussed at length below, Mr. Thomas filed a PCR motion in 2010 challenging his pleas and sentences, in which he claimed he was not guilty of kidnapping and that his attorney was ineffective. *Thomas v. State*, 107 So. 3d 1046, 1048 (¶ 2) (Miss. 2012).   The Court of Appeals affirmed the circuit court's denial of Thomas' motion for post-conviction relief.   *Id.* at 1049 (¶ 7). ¶4.   He then filed a federal petition for a writ of *habeas corpus* with this court, challenging the merits of his underlying pleas and sentences.   *Thomas v. Outlaw*, 2014 WL 3699922, *1 (N.D. Miss. July 24, 2014).   On July 24, 2014, the court granted the State's motion to dismiss due to the untimeliness of Thomas' petition. *Id.* at *2.

On February 6, 2017, Thomas appealed the circuit court's denial regarding his ARP decisions to the Mississippi Supreme Court in Cause No. 2017-CP-00152-SCT. *See* SCR, Cause No. 2017-CP-00152-SCT, Case Folder at 145. He raised the following issues on appeal, as summarized by the Mississippi Supreme Court:

I.      The Department is unlawfully classifying Thomas as a sex offender pursuant to section 45-33-23(h)(i) and contrary to 42 U.S.C. section 14071 and 42 U.S.C. section 16911, which provide an exception for parents convicted of kidnapping their own children from sex offender classification and registration. Thomas further contends that the classification violates several constitutional rights, including: his right to be free from double jeopardy, his right to fundamental fairness, his right to due process and equal protection, and his right to be free from cruel and unusual punishment.

II.     The Department is unlawfully transforming Mississippi's sex offender registration statute, Section 45-33-23(h)(i), into a criminal penalty. Thomas again contends that several of his constitutional rights are violated, including his right to be free from double jeopardy, his right to fundamental fairness, his right to due process and equal protection, and his right to be free from cruel and unusual punishment.

III.    The Department's findings of fact are unsupported by substantial evidence, arbitrary and capricious, beyond the power of the agency to make, and violate Thomas's statutory and constitutional rights.

*Id*. at 7. On March 15, 2018, the Mississippi Supreme Court upheld the circuit court's affirmance of MDOC's decision that Thomas was not entitled to credit on his kidnapping conviction; however, the Mississippi Supreme Court remanded the matter to the trial court on an issue related to the order in which MDOC was running Thomas' convictions. *Thomas v. MDOC*, 248 So.3d 786 (Miss. Ct. App. 2018), *reh'g denied*, June 14, 2018.

Thomas has also filed a PCR motion on September 2, 2016, in the Washington County Circuit Court in Cause No. 2016-0095. *See* SCR, Cause No. 2018-CP-00113-COA, Vol. 1 at 5-127. In his PCR motion, he alleged that: (1) the trial court imposed an illegal sentence for kidnapping; (2) the trial court failed to establish a sufficient factual basis for kidnapping his own biological children; and

- 4 -

(3) the trial court failed to determine his competency.   *Id*.

On December 27, 2017, the Washington County Circuit found that Thomas was lawfully sentenced and that a sufficient factual basis for kidnapping his own biological children was established; however, the circuit court ordered that Thomas should receive a retrospective competency hearing.   *See* SCR, Cause No. 2018-CP-00113-COA, Vol. 2 at 11-13.   Thomas appealed the circuit court's order, and on the State's motion, the Mississippi Court of Appeals dismissed it as interlocutory and not properly before the court.   Exhibit C (July 17, 2018, Order, Cause No. 2018-CP-00113-COA).   The Mississippi Court of Appeals denied Thomas' motion for reconsideration, holding:

> [T]he fact remains that the outcome of that [retroactive competency] hearing may impact Thomas' other claims.   For example, if the circuit court conducts the retroactive competency hearing and subsequently decides that Thomas should be allowed to withdraw his guilty pleas, some of the claims that Thomas seeks to raise in this appeal would become moot.

Exhibit D (August 2, 2018, Order, Cause No. 2018-CP-00113-COA).   The competency hearing took place from December 20 to December 23, 2019, in the Washington County Circuit Court.   On December 17, 2020, the trial court found that Thomas was competent to plead guilty.[5]   Exhibit E (December 17, 2020, "Findings of Fact and Conclusions of Law," Washington County Circuit Court Cause No. 2016-0095).

On January 13, 2021, Thomas appealed the decision of the Washington County Circuit Court (finding him competent to plead guilty) to the Mississippi Court of Appeals in Cause No. 2021-TS-00060-COA.   On February 10, 2021, the Court of Appeals denied his request to sever his claims challenging his competency from the other claims raised in his PCR motion.   Exhibit F (February 10,

---

[5] Thomas' other claims were previously denied in the Washington County Circuit Court's Opinion and Order dated December 27, 2017.   *See* SCR, Cause No. 2018-CP-00113-COA, Vol. 2 at 11-13.

2021, Order, Cause No. 2021-TS-00060-COA).   Briefing is ongoing in Cause No. 2021-TS-00060-COA, which includes issues regarding the loss of trusty and earned time.   The plea and sentences have already been challenged in *Thomas v. Outlaw*, 2014 WL 3699922, *1 (N.D. Miss. July 24, 2014).   The claims in the instant petition involve, inter alia, whether Mr. Thomas can accrue trusty and earned time to reduce his term of incarceration.   *See* Cause No. 2017-CP-00152-SCT.

On October 25, 2018, Thomas signed the instant petition, which was filed in this court on October 29, 2018, and raises the following claims:

> **Ground One**: Thomas contends that MDOC is unlawfully classifying the Petitioner, a parent, as a sex offender, pursuant to MCA § 45-33-23(g)(i), contrary to 42 U.S.C. § 16911, where-in Congress provided a congressional exception for parents, convicted of kidnapping their own biological children, from the classification and conditions of a sex offender; thereby, violating his right to protection from double-jeopardy under the 5th Amend[ment] to the U.S. Const[itution], fundamental fairness under the 6th Amend[ment] to the U.S. Const[itution], the prohibition against cruel and unusual punishment under the 8th Amend[ment] to the U.S. Const[itution], and due process of law and equal protection of the law under the 14th Amend[ment] to the U.S. Const[itution].

> **Ground Two**: Thomas contends that MDOC is unlawfully transforming Mississippi's sex offender registration statute, MCA § 45-33-23(g)(i), into a criminal penalty, contrary to Smith v. Doe, where-in the U.S. Supreme Court concluded that the effect of the sex offender registration statutes are non-punitive; thereby violating his right to protection from double-jeopardy under the 5th Amend[ment] to the U.S. Const[itution], fundamental fairness under the 6th Amend[ment] to the U.S. Const[itution], the prohibition against cruel and unusual punishment under the 8th Amend[ment] to the U.S. Const[itution], and due process and equal protection of the law under the 14th Amend[ment] to the U.S. Const[itution]. See Smith v. Doe, 538 U.S. 84 (2003)[.]

> **Ground Three**: Thomas contends that MDOC's findings of fact are unsupported by substantial evidence, arbitrary and capricious, beyond the power of the agency to make, and violates the Petitioner's statutory and constitutional rights.

> **Ground Four**: Thomas contends that MDOC's decision to unlawfully revoke Thomas' acquired and accumulated trusty earned time/meritorious earned time credits for his conviction of kidnapping, is ultimately arbitrary, capricious, not in accordance with law, and violative of Thomas' constitutional rights because it culminates from the execution of a judgment that was facilitated by a plea-petition that is 'void ab initio[,]'

- 6 -

as against public policy, and unenforceable pursuant to Lanier and Santobello. See
Lanier v. State, 635 So.2d 813 (1994); Santobello v. New York, 404 U.S. 257
(1971)[.]

*See* Doc. 1.

### Ground Four: Unexhausted and Without Substantive Merit

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion

of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v.*

*Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of

exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state

courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954,

958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal

*habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all

claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing

*Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state

courts the first opportunity to review the federal constitutional issues and to correct any errors made

by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of

justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations

omitted).

In Ground Four, Mr. Thomas argues that the State improperly revoked various credits

toward his sentence. He argues that the State erroneously treated kidnapping a minor as a sex

offense, and sentences for sex offenses must be served day for day – with no reductions. Mr.

Thomas argues that his conviction for kidnapping does not constitute a sex offense (as there is no

sexual component to his conviction) – and thus does not require that he serve his sentence day

for day. Mr. Thomas raised this issue on appeal from his state application for post-conviction

collateral relief, which is currently pending before the Mississippi Court of Appeals. *See Thomas v. State of Mississippi*, 2021-CP-00060-COA (Brief of Appellant, filed September 24, 2021). As such, this claim is not exhausted and should be dismissed without prejudice for that reason.

In addition, the claim is without substantive merit. Under the heading of "Registration of Sex Offenders," Miss. Code Ann. § 45-33-23(h)(i) includes the kidnapping of a minor in the definition of sex offense:

> "Sex offense" … means … Section 97-3-53 relating to kidnapping, if the victim was below the age of eighteen (18) ….

Miss. Code Ann. § 45-33-23(h)(i). Mr. Thomas argues that, as he is the natural parent of the kidnapping victim, the crime of kidnapping a minor should not be included in Mississippi's definition of sex offense – and thus should not apply to him.

This is an issue for the Mississippi Legislature to decide. The Mississippi Supreme Court considered whether the State could lawfully place kidnapping in the category of a sex offense – and concluded that the State could do so:

> In the national guidelines to the implementation of the Sex Offender Registration and Notification Act, the federal government, through the Department of Justice's Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking, stated: "The Sex Offender Registration and Notification Act ... provides a new comprehensive set of *minimum* standards for sex offender registration and notification in the United States." Dep't of Justice, *The National Guidelines for Sex Offender Registration and Notification*, https://smart.gov/pdfs/final_sornaguidelines.pdf 3 (last visited March 13, 2018) (emphasis added). In a further explanation, the guidelines state:
>
>> [The Sex Offender Registration and Notification Act] establishes a national baseline for sex offender registration and notification programs. In other words, the Act generally constitutes a set of *minimum* national standards and sets a floor, not a ceiling, for jurisdictions' programs. Hence, for example, a jurisdiction may have a system that requires registration by broader classes of

- 8 -

> convicted offenders than those identified in [the Sex Offender Registration and
> Notification Act.]

> *Id.* at 6 (emphasis in original).   Finally, and most importantly to the present case, the
> guidelines explain that "[i]t is left to jurisdictions' discretion under these clauses
> whether registration should be required for such offenses in cases where the offender
> is a parent or guardian of the victim."   *Id.* at 19.

*Thomas v. Mississippi Dep't of Corr.*, 248 So. 3d 786, 790 (Miss. 2018).   The Mississippi Supreme

Court's analysis is correct, and Mr. Thomas' claim should be dismissed for that reason.

In addition, his argument in Ground Four should be dismissed because, in Mississippi, the loss

of parole or credits toward one's sentence is not a valid *habeas corpus* claim.   Parole is discretionary;

as such, inmates have no liberty interest in it.   In *Davis v. State*, 429 So.2d 262 (Miss. 1983) the

Mississippi Supreme Court held:

> A prisoner has no automatic entitlement to parole.   It may be granted or withheld by
> the state--to be sure, not arbitrarily – as a matter of grace.   That the state holds out the
> possibility of parole provides no more than a mere hope that the benefit will be
> obtained.   *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*,
> 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668, 677 (1979).

*See also Davis v. Johnson*, 205 F. Supp. 2d 616, 619 (N.D. Miss. June 20, 2002) (where the District

Court found that a Mississippi prisoner is not entitled to a hearing on parole, noting that even a

prisoner who may be eligible for parole "holds the smallest liberty interest, 'no more substantial than

the inmate's hope ... a hope which is not protected by due process.'") (citing *Greenholtz, supra*.)

Both state and federal courts have consistently held that the Mississippi parole statutes do not confer a

liberty interest in parole for state inmates.

The analysis regarding trusty earned time is the same; the granting of earned time is

discretionary, and, as such, prisoners have no liberty interest in obtaining or losing it.   *See* Miss. Code

Ann. Section 47-5-138.1 (regarding trusty earned time).   This court has already determined that

inmates have no liberty interest in trusty earned time:

- 9 -

…[t]he award of trusty earned time to inmates, and that statute states only that the Mississippi Department of Corrections " may " award a trusty earned time allowance to inmates who meet certain criteria.   The use of the word "may" in § 47–5–138.1 renders the award of earned time discretionary, not mandatory.   Use of the word "may" indicates that an inmate's receipt of trusty earned time credit is a matter of grace or privilege. The decision regarding an award of trusty earned time to offenders is in the sound discretion of prison officials.   As such, the statute affords a prisoner no constitutionally recognized liberty interest.   *See, e.g., Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir.1987); *Irving v. Thigpen*, supra. "Earning of 'time' would have been deemed a matter of right if the legislature had employed the word 'shall' instead of 'may.'   In other words, correctional officials are vested with discretionary power to award time under certain conditions and, therefore, inmates are not entitled to it." *Ross v. State*, 584 So.2d 777, 779 (Miss. 1991) (addressing meritorious earned time in Mississippi).

*Dukes v. Epps*, No. 2:11CV91-P-S, 2011 WL 4047335, at *2 (N.D. Miss. Sept. 12, 2011).   Indeed, the trusty earned time statute excludes inmates convicted for sex crimes, stating, "An offender in trusty status shall not be eligible for a reduction of sentence under this section if … [t]he offender was convicted of a sex crime[.]"   Miss. Code Ann. § 47-5-138.1.

Mississippi inmates convicted for sex crimes are also excluded from receiving meritorious earned time, as, under Miss. Code Ann. § 47-5-139, "[a]n inmate shall not be eligible for the earned time allowance if … [t]he inmate was convicted of a sex crime[.]"   Mr. Thomas was convicted for kidnapping a minor under the age of eighteen (18), and, under Miss. Code Ann. §45-33-23, such a kidnapping is a sex crime.   As such, his claim that he is entitled to parole or "earned time" (of any kind) is without merit.   Mr. Thomas' claims in Ground Four should therefore be dismissed for failure to exhaust state remedies, as well as for want of substantive merit.

### Grounds One, Two, and Three:   Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds One, Two, and Three on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas*

*corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has

- 11 -

not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One, Two, and Three of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ground One: Unlawful Classification as a Sex Offender

In Ground One, Mr. Thomas argues that MDOC has unlawfully classified him as a sex offender, claiming "Congress provides a congressional exemption for parents, convicted of kidnapping their own biological children, from the classification and conditions of a sex offender[.]" Doc. 2 at 34. Mr. Thomas made this allegation in his appeal of the circuit court's decision regarding MDOC's ARP decision. The Mississippi Supreme Court denied Thomas' claims, holding:

> [O]ur statute and the federal statutes are not in "conflict" such that our statute violates Thomas's constitutional rights, as Thomas contends. Rather, our Legislature decided to expand the definitions found in the federal statutes to include, as a sex offense subject to classification and registration, the crime of kidnapping a minor under the age of sixteen. The Legislature's expansion of the sex-offender registration laws was permissible and not violative of Thomas's constitutional rights. Thomas's argument is without merit.

*Thomas v. State*, 248 So. 3d at 790-91 (¶ 17). Indeed, the national guidelines to the implementation of the Sex Offender Registration and Notification Act give each jurisdiction discretion regarding cases involving a parent or guardian of the victim:

> [I]t is left to jurisdictions' discretion under these clauses whether registration should be required for such offenses *in cases where the offender is a parent or guardian of the victim*.

*Id.* at 790 (emphasis added).

Sex offender classification is a matter of state law; thus, it is not an appropriate subject for federal *habeas corpus* review.   *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).   "[M]ere errors of state law are not the concern of this Court ... unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution."   *Wainwright v. Goode*, 464 U.S. 78, 86 (1993).   A state's interpretation of its own laws or rules is no basis for federal *habeas corpus* relief, as no constitutional question is involved.   *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981). Mr. Thomas has not raised a federal constitutional issue in Ground One; as such, these claims should be dismissed.

**Ground Two:   Unlawfully Transforming Sex Offender
Registration Statute into a Criminal Penalty**

In Ground Two, Mr. Thomas argues that the MDOC has unlawfully transformed Mississippi's sex offender registration statute into a criminal penalty, claiming that this is "[c]ontrary to *Smith v. Doe*, where-in the U.S. Supreme Court concluded 'that the effect of the sex offender registration statutes are non-punitive[.]'"   Doc. 2 at 45.   Mr. Thomas made this argument during his appeal of the circuit court's decision regarding the MDOC's grievance.   The Mississippi Supreme Court denied this claim, holding:

> Thomas acknowledges and relies on the Court's opinion in *Garrison v. State*, 950 So.2d 990, 993 (¶ 4) (Miss. 2006), relying on *Smith v. Doe*, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003), wherein the Court explained that our sex-offender registration law was a "civil, non-punitive regulatory scheme."   Thomas does not argue that the Court incorrectly decided *Garrison* or that the statute itself is punitive, but rather, it appears that he is arguing that the Department's actions denying him trusty time or meritorious earned time are punitive because it is "increasing his

- 13 -

sentence."   Thomas equates the Department's denial of any reduction to his sentence
to be the Department "resentencing" him.

*Thomas v. State*, 248 So. 3d at 791 (¶ 18).

Mr. Thomas alleges that "MDOC has transformed Mississippi's sex offender registration

statute, MCA 45-33-23(g)(i), into a criminal penalty, contrary to *Smith v. Doe*, by forcing Thomas to

serve a mandatory sentence for kidnapping his own biological children, by combining MCA § 45-33-

23(g)(i) with MCA § 47-7-3 to revoke Thomas['s] previously earned good time credits….", the

appellate court concluded:

> Thomas's argument that his sentence is extended by the denial of any reduction
> presupposes that he is entitled to such reduction, which he is not.   The Department
> requiring Thomas to serve his full, fifteen-year sentence, consistent with Sections 45–
> 33–23 and 47–7–3, imposed by the circuit court, is not an extension or increase in
> Thomas's sentence.

*Thomas*, 248 So. 3d at 791. (¶ 19).

Further, in its response to Thomas during grievance appeal in Marshall County Circuit Court,

MDOC noted:

> MDOC denies MDOC procedurally erred in not allowing Plaintiff to receive earned
> time as a sexual offender.   There is no liberty interest in earned time.   Earned time is
> completely discretionary with MDOC.   MDOC denies that *Smith v Doe,* 531 U.S. 84
> (2003) is relevant since that held that the non-punitive provision of sex offender
> registration was not a violation of ex post facto laws.   MDOC denies earned time is
> meant for all offenders as an incentive.   Some offenders, like sex offenders, do not
> qualify for earned time.

*See* SCR, Cause No. 2017-CP-00152-SCT, Vol. 2 at 104-118.

The MDOC also pointed out that, contrary to Mr. Thomas' allegations,

> [t]he federal law that excludes parents who take their own children as falling under the
> sexual offender registry is not applicable to Miss. Code Ann. §45-33-23, which defines
> sex offenders as kidnapping a minor below the age of eighteen (18).   MDOC denies
> Miss. Code Ann. §45-33-23 was implemented according to 42 USC §§14071-14072.
> MDOC denies that the factual circumstances in Plaintiff's case do not fit the definition
> of sex offender as defined by Miss. Code Ann. §45-33-23.

- 14 -

*Id.*

For the reasons set forth above, the State has not combined the Mississippi statutes concerning parole and sex offender registration to create a criminal penalty; this claim is without substantive merit. In addition, as discussed in the section above, a Mississippi inmate has no liberty interest in parole or any type of earned time. As such, claims for relief arising out of the decision to grant or deny parole or earned time do not rise to the level of a constitutional violation. Hence, the appellate court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. As such, Mr. Thomas is not entitled to federal *habeas corpus* relief on this claim.

### Ground Three:   MDOC's Findings of Fact Are "Unsupported by Substantial Evidence, Arbitrary and Capricious, Beyond the Power of the Agency to Make, and Violate the Petitioner's Statutory and Constitutional Rights

In Ground Three, Mr. Thomas alleges that the MDOC's findings of fact are "unsupported by substantial evidence, arbitrary and capricious, beyond the power of the agency to make, and violates the petitioner's statutory and constitutional rights." Doc. 2 at 60. He raised this claim during his appeal of the circuit court's ruling on MDOC's grievance decision. The Mississippi Supreme Court denied this claim, holding:

> Therefore, we affirm the Marshall County Circuit Court's affirmance of the Department's denial of Thomas's claim that he is being improperly classified as a sex offender and is entitled to trusty time or meritorious earned time, as the decision is supported by substantial evidence, not arbitrary or capricious, not beyond the scope of the Department to make, and does not violate Thomas's constitutional rights.

*Thomas*, 248 So. 3d at 791. (¶ 20).

Mr. Thomas argues that the decision to strip him of the time credited towards his sentence violated his right to due process. However, good time credits are not protected under the Constitution, as "[t]here is no constitutionally protected interest in … the possibility of earning good-

- 15 -

time credits. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Further, as discussed in detail above, there is no liberty interest in parole or any type of credit towards a Mississippi inmate's sentence. MDOC's decision did not violate any of Mr. Thomas' constitutional rights. As such, the appellate court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. Hence, Mr. Thomas is not entitled to federal *habeas corpus* relief on this claim.

As discussed above, as to Grounds One, Two, and Three, in the instant petition, the state appellate court's determinations that Thomas' claims were without merit and did not "result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1); *see also Gachot v. Stalder*, 298 F.3d 414, 421 (5th Cir. 2002). For this reason, Mr. Thomas is not entitled to relief based on his claims in Grounds One, Two, or Three of the instant petition.

## Conclusion

For the reasons set forth above, the undersigned recommends that the instant petition for a writ of *habeas corpus* be denied. Ground Four should be dismissed because it is unexhausted – and for want of substantive merit. Grounds One, Two, and Three should be dismissed because the state appellate court decided these issues on the merits, and that decision did not "result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1); *see also Gachot, supra*.

## Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must

be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted, this, the 18th day of January, 2022.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE