IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**FORREST THOMAS, III**                                              **PETITIONER**

**V.**                                                          **NO. 3:18-CV-238-DMB-DAS**

**WARDEN TAYLOR, et al.**                                        **RESPONDENTS**

**ORDER**

Forrest Thomas' petition for a writ of habeas corpus is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge David A. Sanders and Thomas' objections to the R&R. Because the Court finds Thomas' petition is without merit, regardless of whether his claims are exhausted, his petition will be dismissed.

**I**
**Background**

On May 18, 2007, Forrest Thomas pled guilty to manslaughter and kidnapping in the Circuit Court of Washington County, Mississippi. Doc. #37-1. He was sentenced to twenty years imprisonment on the manslaughter charge and fifteen years on the kidnapping charge, to be served consecutively. Doc. #37-1. Thomas has since unsuccessfully challenged his pleas and sentences in both state and federal court.[1]

On or about October 26, 2018, Thomas filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi challenging his classification as a sex offender and denial of earned time by the Mississippi Department of Corrections

---

[1] *See Thomas v. State*, 107 So. 3d 1046 (Miss. Ct. App. 2012); *Thomas v. Outlaw*, No. 4:14-cv-60, 2014 WL 3699922 (N.D. Miss. July 24, 2014).

("MDOC").² Doc. #1. Thomas raises four grounds in his petition:

> **Ground One:** Thomas contends that MDOC is unlawfully classifying the petitioner, a parent, as a sex offender, pursuant to MCA § 45-33-23(g)(i), contrary to 42 U.S.C. § 16911, where-in Congress provided a congressional exemption for parents, convicted of kidnapping their own biological children, from the classification and conditions of a sex offender; ….
>
> …
>
> **Ground Two:** Thomas contends that MDOC is unlawfully transforming Mississippi's sex offender registration statute, MCA § 45-33-23(g)(i), into a criminal penalty, contrary to *Smith v. Doe*, where-in the U.S. Supreme Court concluded that the effect of the sex offender registration statutes are non-punitive; ….
>
> …
>
> **Ground Three:** Thomas contends that MDOC's findings of fact are unsupported by substantial evidence, arbitrary and capricious, beyond the power of the agency to make, and violates the Petitioner's statutory and constitutional rights.
>
> …
>
> **Ground Four**: Thomas contends that MDOC's decision to unlawfully revoke Thomas' acquired and accumulated trusty earned time/meritorious earned time credits for his conviction of kidnapping, is ultimately arbitrary, capricious, not in accordance with law, and violative of Thomas' constitutional rights because it culminates from the execution of a judgment that was facilitated by a plea-petition that is 'void ab initio[,]' as against public policy, and unenforceable pursuant to *Lanier* and *Santobello*. *See Lanier v. State*, 635 So.2d 813 (1994); *Santobello v. New York*, 404 U.S. 257 (1971)[.]

*Id.* at PageID 6–12.

On January 18, 2022, United States Magistrate Judge David A. Sanders issued a R&R recommending that Thomas' petition be denied. Doc. #50. Thomas filed objections to the R&R. Doc. #52. The State notified the Court of its intent not to file a formal response to the objections. Doc. #53.

---

² Although his conviction occurred in Washington County, Thomas appealed MDOC's decision in the Marshall County Circuit Court. Doc. #38-8 at PageID1658–65.

## II
## Standard of Review

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." Where there are no "specific written objections"[3] to a report and recommendation, "the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

## III
## Analysis

In the R&R, Judge Sanders found that Thomas' claim in Ground Four should be dismissed because it was both unexhausted and without substantive merit. Doc. #50 at 7–10. Additionally, Judge Sanders recommends dismissal of Thomas' petition on the merits because "in Mississippi, the loss of parole or credits toward one's sentence is not a valid *habeas corpus* claim;" "[s]ex offender classification is a matter of state law[ and] … not an appropriate subject for federal *habeas corpus* review;" and "the State has not combined the Mississippi statutes concerning parole and sex offender registration to create a criminal penalty." *Id.* at 9–15. Thomas' objections argue that Ground Four is not unexhausted because he presented the claim to the Mississippi Supreme Court; Mississippi's classification of kidnapping as a sex offense is contrary to federal law; MDOC is "transforming [the] sex offender registration statute into a criminal penalty;" and he is treated differently than others convicted of kidnaping.[4] Doc. #52.

---

[3] Fed. R. Civ. P. 72(b)(1).

[4] Although less than clear, Thomas also seems to argue that because his plea agreement provided that the "sentence imposed for kidnapping of a minor pursuant to MCA § 45-33-23(g)(i) is a mandatory day-for-day sentence" and such sentence is illegal, his plea is invalid. Doc. #52 at 4–5. In his petition, Thomas relies on *Lanier v. State*, 635 So. 2d 813 (Miss. 1994), to argue his plea agreement is void as against public policy. Doc. #1 at PageID 11. In *Lanier*, the plea agreement was against public policy because it violated the provisions of the relevant statutes. *Lanier*, 635 So. 2d at 816. However, because Thomas' claims regarding his sentence are without merit, as discussed in this opinion, the Court does not further address this argument.

### A. Exhaustion

A federal court cannot grant habeas relief to a state prisoner "unless the applicant has exhausted the remedies available in the courts of the State or state process is absent or ineffective. The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019) (cleaned up).

In Ground Four, Thomas argues MDOC unlawfully revoked his earned time based on his kidnapping conviction. Doc. #1 at PageID 11. In the R&R, Judge Sanders recommends dismissal based on the conclusion that this claim is arguably unexhausted[5] but also without merit. Doc. #7–10. Although Thomas argues this claim is exhausted,[6] because this Court ultimately determines that Thomas' petition is without merit, it need not determine whether this claim is exhausted because "habeas applications may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *Strickland v. Thaler*, 701 F.3d 171, 174 (5th Cir. 2012); *see Cox v. Stephens*, 602 F. App'x 141, 143 (5th Cir. 2015) (affirming district court's decision to "consider petitioner's grounds without regard to exhaustion as they were without merit").

### B. Merits

Under 28 U.S.C. § 2254, a federal court may not grant "a habeas application unless the applicant can show legal error under § 2254(d)(1) or factual error under § 2254(d)(2)." *Lewis v. Thaler*, 701 F.3d 783, 791 (5th Cir. 2012). To establish legal error, "the applicant must show that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable

---

[5] Judge Sanders recommends that dismissal on the basis of exhaustion be without prejudice. Doc. #50 at 8.
[6] Thomas argues he presented the claim to the Mississippi Supreme Court in a motion for rehearing. Doc. #52 at 2.

4

application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* (internal quotation marks omitted). "To establish factual error … the applicant must show that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* (internal quotation marks omitted).

Here, Thomas' grounds and objections overlap and challenge his sex offender classification and resulting mandatory kidnapping sentence. However, his challenges are without merit. Under Mississippi Code § 45-33-23(h)(i), for the purpose of sex offender registration, a "sex offense" includes "kidnapping, if the victim was below the age of eighteen." Additionally, Mississippi Code § 47-5-139(1)(d) provides that an inmate convicted of a sex crime is not eligible for earned time allowance. Thomas argues Mississippi law is in conflict with federal law because the Sex Offender Registration and Notification Act ("SORNA") "provides him a congressional exemption" as a parent "convicted of kidnapping [his] own biological children." Doc. #52 at 6–7. But as the Mississippi Supreme Court recognized in Thomas' appeal, SORNA "establishes a national baseline for sex offender registration and notification programs. … [T]he Act generally constitutes a set of *minimum* national standards and sets a floor, not a ceiling, for jurisdiction's programs." *Thomas v. Miss. Dep't of Corrs.*, 248 So. 3d 786, 790 (Miss. 2018); *see United States v. Del Valle-Cruz*, 785 F.3d 48, 55 (1st Cir. 2015) ("Jurisdictions may choose to exceed the [SORNA] guidelines in some areas, including the duration of registration, but they must meet the minimum standards to comply with SORNA."). Thus, Mississippi's "[l]egislature's expansion of the sex-offender registration laws [is] permissible and not violative of Thomas' constitutional rights." *Thomas*, 248 So. 3d at 790–91.

Further, because "[p]arole … is discretionary in Mississippi, … prisoners in the state have

5

no liberty interest in parole."[7] *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014). Thomas is not entitled to habeas relief because "the discretionary nature of the state's parole system ends the federal due process inquiry." *Id.* at 313.

Thomas relies on *Culbert v. Epps*, 120 So. 3d 983 (Miss. Ct. App. 2012), to support his argument that he is being treated differently than others convicted of kidnapping. But Thomas fails to recognize the critical distinction between himself and Culbert—the year of conviction. In *Culbert*, the defendant argued he was entitled to earned-time allowance for his kidnapping sentence. *Culbert*, 120 So. 3d at 985. The Mississippi Court of Appeals found Culbert's kidnapping offense did not exclude him from accumulating earned-time but he could not do so while serving his corresponding sexual battery sentence. *Id.* As the *Culbert* court explained:

> In 2000, Mississippi Code Annotated section 45-33-23 revised several sections of the code. Under these revisions, section 45-33-23(g)(i) defined the kidnapping of a person below the age of eighteen as a sex offense. However, the version of the code applicable when Culbert committed his crimes did not. Under the appropriate version of the code, Culbert's kidnapping conviction is not defined as a sex offense.

*Id.* Because the version of § 45-33-23 applicable when Thomas was convicted in 2007 includes kidnapping as a sex offense, he is not similarly situated to Culbert. Thus, his objections are overruled, his arguments are without merit, and he is not entitled to habeas relief.

## IV
### Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Cases in the United States District Court requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases

---

[7] As noted by the Mississippi Supreme Court, "requiring Thomas to serve his full, fifteen-year sentence, consistent with Sections 45-33-23 and 47-7-3, imposed by the circuit court, is not an extension or increase in Thomas's sentence." *Thomas*, 248 So. 3d at 791.

rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds a COA should not issue in this case.

## V
## Conclusion

Thomas' objections are **OVERRULED**. The Report and Recommendation [50] is **ADOPTED in Part and REJECTED in Part**. It is REJECTED to the extent it recommends dismissal for failure to exhaust. It is ADOPTED in all other respects. Thomas' petition for a writ of habeas corpus [1] is **DENIED**. A certificate of appealability is **DENIED**. A final judgment will issue separately.

**SO ORDERED**, this 22nd day of March, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**